Filed 11/7/14  Janay R. v. Superior Court CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JANAY R.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>　　　　　Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>　　　　　Real Party in Interest. | F070155<br><br>(Super. Ct. No. 516947)<br><br><br>**O P I N I O N** |

-ooOoo-

## THE COURT\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Ann Q. Ameral, Judge.

Janay R., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*　　　Before Gomes, Acting P.J., Kane, J., and Detjen, J.

Janay R. (mother), who is self-represented in this court, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from a juvenile court's order terminating reunification services and setting a Welfare and Institutions Code section 366.26 hearing (setting order) as to her four-year-old son Andrew.[1]  She challenges her court-appointed attorney in the dependency proceedings, her social worker, and the juvenile court in a rambling and strongly-worded petition focused on rhetoric rather than the evidence that was before the court.  Although her petition frequently cites to juvenile dependency law, those references bear no relationship to the issues the juvenile court confronted when it issued its setting order.

On review, we conclude mother's petition is inadequate as it does not comply with the procedural requirements of section 366.26, subdivision (*l*) and California Rules of Court, rule 8.452.  Accordingly, we will dismiss her petition.

## PROCEDURAL AND FACTUAL HISTORY

For most of his young life, Andrew has not been cared for by his mother.  This comes as a result of her ongoing substance abuse and resulting periods of incarceration as well as her neglect.[2]  In January 2014, then three-year-old Andrew lived with his maternal uncle and aunt.  The relatives had been appointed the child's temporary guardians in 2013.  The temporary guardians, however, physically abused and neglected Andrew.  Consequently, real party in interest Stanislaus County Community Services Agency (agency) detained the child and initiated the underlying juvenile dependency proceedings.

Less than a week following Andrew's detention, an agency social worker referred mother for substance abuse assessment, parenting classes and counseling.  On the date of

---

[1]  All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]  Further, the identity of the child's father is apparently unknown.

2

her assessment, mother tested positive for an array of drugs. The agency was able to arrange for mother to enter residential drug treatment in February 2014. However, mother only stayed there 16 days. She then entered a second program in March but was discharged in part for "cheeking" her "detox" medication.

In April 2014, the juvenile court exercised its dependency jurisdiction over Andrew (§ 300, subd. (b)), terminated the temporary guardianship, and removed him from parental custody. The court found that mother's progress toward alleviating the causes of Andrew's out-of-home placement was limited. Nevertheless, the court granted reunification services for mother. Services included counseling, parenting classes, substance abuse treatment, substance abuse testing and visitation.

On April 11, a week after the court hearing, an agency social worker met with mother to review her reunification case plan and encourage mother to schedule her intake sessions and start attending services. The social worker also made a third referral for drug treatment. At the time mother claimed she had been clean for seven days.

The social worker contacted mother each month thereafter in an effort to review the case plan and encourage her. However, through August 2014, mother made no efforts to reunify. She also frequently missed scheduled visits with Andrew. Throughout this time, and by her own admission, she continued using heroin. A week before a September 2014 status review hearing, mother entered another drug treatment program and finally completed her assessment for a parenting class.

Due to her lack of participation and the substantial likelihood that reunification would not occur within an additional six months, the agency petitioned the court to terminate mother's services in advance of the review hearing. (§ 388, subd. (c).) The agency also recommended the court issue a setting order for a section 366.26 hearing to select and implement a permanent plan for Andrew.

3

During the September 2014 status review hearing, mother tried to claim that the agency failed to provide her with any reunification services until approximately two months earlier. However, on cross-examination and during questioning by the court, mother acknowledged she had received a referral for drug treatment in January, that a social worker gave her a case plan in February, and a social worker met with her in April and encouraged her to go into drug treatment. She also admitted she had been using heroin for 11 years and it "very much" affected her memory. Nevertheless, mother's attorney urged the court to give mother another six months for reunification.

The juvenile court concluded mother had "pretty much done nothing of any substance whatsoever until one week ago." The court found this "very troubling." The court granted the agency's section 388 petition, terminated services for mother, and issued its setting order.

## DISCUSSION

The purpose of a writ proceeding such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Mother bitterly complains about the representation she has received from her court-appointed trial counsel. She claims counsel: failed to object to the agency's "spewing forth accusations without ANY proof;" did not communicate with her; and refused her requests for continuances. Mother also challenges: the juvenile court for removing Andrew from her custody as well as the agency for designing a reunification plan for her to fail at and for somehow restricting her choice of a "significant other" who

4

could visit with, if not become a care provider for Andrew. However, mother fails to cite to any portion of the juvenile court record to support any of her strongly-worded criticisms. Her accusations also bear no resemblance to the record, as summarized above. Furthermore, although her petition contains numerous citations to legal authorities, those authorities do not support her demand for relief. Consequently, mother has failed to substantively address the myriad of issues she raises. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.452.)

## DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is immediately final as to this court.